IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DEMARION DONTEX WALKER**  PETITONER

**V.**  **CIVIL ACTION NO. 3:18CV708 CWR-LRA**

**COMMISSIONER PECLIA HALL**  **RESPONDENT**

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Walker filed the instant petition for writ of habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss the petition for failure to exhaust state court remedies as required under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Having reviewed the record and all applicable law, the undersigned recommends that the petition be dismissed for the reasons that follow.

On August 1, 2016, Walker entered a guilty plea to felony false pretense in the Circuit Court of Rankin, County Mississippi. He was sentenced as a non-habitual offender to serve a ten-year term in the custody of the Mississippi Department of Corrections ("MDOC"), with two years suspended of post-release supervision. On September 20, 2016, Walker filed a motion for post-conviction collateral relief which the Rankin County Circuit Court subsequently denied. The Mississippi Court of Appeals affirmed the denial on January 8, 2019, in *Walker v. State*, No. 2017-CP-01191-COA, 2019 WL 125934 (Miss. Ct. App. Jan. 8, 2019). Aggrieved, Walker filed a motion for rehearing on January 25, 2019, which was denied on May 21, 2019. Walker then filed a petition for writ of certiorari in this Mississippi Supreme Court on June 12, 2019, which

both parties acknowledge is still pending as of this date. On May 7, 2018, he filed the instant petition as a "protective" filing requesting that this Court stay and abate federal proceedings until his state court remedies are exhausted. *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013).

The law is well settled. Applicants seeking federal habeas relief under 28 U.S.C. § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief.[1] *Parr v. Quarterman,* 472 F.3d 245 (5th Cir. 2006). To satisfy the exhaustion requirement of § 2254(b)(1), a "habeas petitioner must have fairly presented the substance of his claim to the state courts." *Smith v. Dretke*, 422 F.3d 269, 276 (5th Cir. 2005). This requires submitting the factual and legal basis of every claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 450 U.S. 1056 (1983). A habeas petitioner who has failed to exhaust all of his

---

[1] The exhaustion requirement is contained in Section 2254(b)(1) and provides in part the following:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>   (A) the applicant has exhausted the remedies available in the courts of the State; or
>   (B)(i) there is an absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>     . . . .
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

post-conviction remedies has asserted no cognizable right to federal habeas relief under section 2254. *See Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997).

Walker does not deny his failure to exhaust state court remedies in the instant case. He concedes that this matter is still pending in state court, but he requests this petition be held in abeyance until his state court remedies are exhausted.

However, the United States Supreme Court has instructed that stay and abeyance is an extraordinary remedy not to be made readily available when claims are unexhausted. The Court cautions that "stay and abeyance should be available only in limited circumstances" because "granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts." *Rhines v. Weber,* 544 U.S. 269, 277 (2005) (holding that district courts have discretion to stay-and abate petitions containing both exhausted and unexhausted claims); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (suggesting, in dicta, that the stay-and-abeyance procedure may apply to petitions containing only unexhausted claims). Stay and abeyance is only appropriate when there is good cause for the petitioner's failure to fully exhaust his claims in state court first. *Rhines,* 547 U.S. at 277-78. "A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Pace*, 544 U.S. 408, 416 (citing *Rhines,* 547 U. S. at 270). But that is not the case here.

Walker initiated state court post-conviction proceedings on September 20, 2016, approximately seven weeks after entering his guilty plea. He therefore has approximately ten and a half months after resolution of his state court post-conviction proceedings to file

3

a petition for writ of habeas corpus relief pursuant to 28 U.S.C. § 2254. Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings. *See Orman v. Cain*, 228 F.3d 616, 620 & n. 6 (5th Cir. 2000); *Bledsue v. Johnson*, 188 F.3d 250, 254 n. 8 (5th Cir. 1999). Until such time, his claims are unexhausted. Walker is hereby cautioned, however, that he must act diligently in exhausting his state court remedies and filing a subsequent federal habeas petition, if he chooses to do so.

For these reasons, the Court finds that his petition should be dismissed without prejudice for failure to exhaust available state court remedies.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections to the Report and Recommendation. The objections must be filed with the Clerk of Court, and the objecting party must specifically identify the findings, conclusions, and recommendations to which he objects.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation, within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636,

4

Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

 Respectfully submitted on July 19, 2019.

                <u>s/ Linda R. Anderson</u>
               UNITED STATES MAGISTRATE JUDGE